IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

FILED
LOGGED
ENTERED
RECEIVED

OCT 16 2015

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY

DEPUTY

|  |  |
|---|---|
| MORIAH DeMARTINO, | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
| v | ) |
|  | ) |
| HAGERSTOWN COMMUNITY COLLEGE, | ) |
| HEATHER BARNHART, | ) |
| individually and in her capacity as | ) |
| Student Organization Advisor, | ) |
| ERIC SCHWARTZ, individually and | ) |
| in his official capacity as Professor, | ) |
| JESSICA CHAMBERS, individually | ) |
| and in her official capacity as Dean | ) |
| of Student Affairs. | ) |
|  | ) |
|     Jointly and severally, | ) |
|  | ) |
|     Defendants. | ) |

**VERIFIED COMPLAINT FOR CONSTITUTIONAL VIOLATIONS AND DAMAGES**

Plaintiff, MORIAH DE MARTINO ("Ms. DeMartino") by and through counsel, files this verified complaint and respectfully requests this Court to grant injunctive and declaratory relief and award damages for the constitutional violations described below. In support, Ms. DeMartino states as follows:

**INTRODUCTION**

1.   This civil action challenges the constitutionality of Defendant's Hagerstown Community College ("College") policies and procedures, as detailed in its student

1

organization guide ("HCC Club Guide"), for the formation and creation of student led organizations and gathering both facially and as applied.

2.  College assertion, per said student guide provides that Ms. DeMartino could not apply to have the student led group "Turning Point USA" ("TPUSA") created on the College's campus because clubs and/or organizations must not be duplicated is merely a pretext for College's actions which are clearly unconstitutional practices and procedures.

3.  Plaintiff, Ms. DeMartino seeks a declaration that the past actions of Defendant are unconstitutional, that the practices, procedures, rules and regulations regarding the application for creation and organization of student led groups and gatherings are unconstitutional both on their face and as applied to Ms. DeMartino.

4.  Plaintiff, Ms. DeMartino also seeks preliminary and permanent injunctive relief prohibiting Defendant College from enforcing any and all of its practices, procedures, rules and regulations regarding the application for and/or formation of student led organizations.

5.  An actual controversy exists between the parties involving substantial constitutional issues, in that the College's HCC Club Guide require that clubs not be "duplicated," and that the College's practices and procedures in preventing Ms. DeMartino to even apply to have a chapter of TPUSA created on College's campus are unconstitutional on their face. Defendant College's actions have violated and continue to violate Ms. DeMartino's rights to freedom of speech, freedom of assembly, equal protection and due process.

## JURISDICTION AND VENUE

6.  This action arises under the First and Fourteenth Amendments to the United States Constitution 42 U.S.C. § 1983 and Article III.

7.  This Court has original jurisdiction over Ms. DeMartino's federal claims, pursuant to 28 U.S.C. § 1331 and 1343, and supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367.

8.  This Court is authorized to grant Ms. DeMartino's prayer for relief regarding costs, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. § 1988, to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-02, implemented through Fed.R.Civ.P. 57.

9.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(e), as Ms. DeMartino's claims arose in this District and/or all Defendant reside in this District and each and all of the acts alleged were done by Defendants under the color and pretense of federal law.

## PLAINTIFF

10.  Ms. DeMartino is a citizen of the United States and a resident of Sharpsburg, Maryland. She is a student attending Defendant College.

## DEFENDANTS

11.  Defendant College is a Community College, operating under Federal laws and the United States Constitution.

12.  Defendant, HEATHER BARNHART, ("Ms. Barnhart") is an employee of Defendant College and works in the capacity of club and student organization advisor.

13. Defendant, ERIC SCHWARTZ ("Mr. Schwartz") is an employee of Defendant College and works in the capacity and position of a professor of Political Science.

14. Defendant, JESSICA CHAMBERS ("Ms. Chambers") is an employee of Defendant College and works in the capacity of Dean of Student Affairs.

## ALLEGATIONS OF FACT

15. Ms. DeMartino, a student attending Defendant College, is an active member of her community.

16. On or about August, 2015, Ms. DeMartino attempted to create a chapter of TPUSA at Defendant College.

17. Ms. DeMartino is an active member of TPUSA, a non partisan organization with chapters at both public and private universities nationwide.

18. TPUSA educates students about fiscal responsibility with a purpose of identifying, educating and training student. TPUSA does not promote and/or endorse political candidates.

19. Both Defendant College's faculty and administration refused Ms. DeMartino's repeated attempts to create a chapter of TPUSA on the campus of Defendant College.

20. Specifically, after Ms. DeMartino first talked with Defendant College administrators regarding her intent to start a chapter of TPUSA, Defendant club and student organization advisor, Ms. Barnhart, emailed Ms. DeMartino and stated that she could not form a TPUSA chapter on Defendant College's campus.

21. Ms. Barnhart further stated to Ms. DeMartino that she could start a Republican Club, if an only if a Democrat club was launched at the same time.

22.  Ms. Barnhart also stated to Ms. DeMartino via email that TPUSA could not be started because Defendant College does not "start new clubs that duplicate the purpose and mission of existing clubs."

23.  Notwithstanding Ms. Barnhart's statement that Defendant College does not allow the creation of clubs which duplicate existing clubs, the College has both a National Organization for Women ("NOW") chapter and Spectrum Club which are both liberal advocacy student groups.

24.  At or near this same time, Defendant Ms. Chambers, who is Dean of Student Affairs at Defendant College sent a detailed letter confirming Defendant, College's position, that Ms. DeMartino was not allowed to apply for and/or start/create a chapter of TPUSA on Defendant College's campus.

25.  In Ms. Chamber's letter confirming Defendant's College position that Ms. DeMartino was prohibited from starting a chapter of TPUSA on Defendant's campus, Ms. Chambers stressed that TPUSA was duplicative of already existing student groups and that, per Defendant College practices, policies and procedures, such duplicative groups were not allowed.

26.  Both the NOW and Spectrum Club chapters which Defendant College did allow students to create on campus have duplicative missions which include but are not limited to protecting the rights of lesbian, gay bisexual and transgender students.

27.  After Ms. DeMartino received messages from Ms. Barnhart advising her that she could not apply to create and/or create a chapter of TPUSA on Defendant's campus, Defendant College administrators then told Ms. DeMartino to talk with Defendant

Mr. Schwartz about starting a TPUSA club as a branch and/or division of the Political Science Club which is on Defendant's campus.

28.     Defendant Mr. Schwartz told Ms. DeMartino that TPUSA was "too political" as student club, and that there should be a Young Republicans club and a Young Democrats club.

29.     Thereafter, Ms. DeMartino collected more than one hundred (100) student signatures in support of starting a TPUSA chapter on Defendant, College's campus.

30.     Defendant College has refused to allow Ms. DeMartino to apply to start and/or create a TPUSA club on Defendant's College campus, purporting that starting such a club would duplicate existing student organizations.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FIRST AMENDMENT-FREEDOM OF SPEECH

31.     The allegations of Paragraphs 1 through 29 above are incorporated by reference herein as if fully set out.

32.     The First Amendment protects private speech from government interference, restriction or discrimination when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction or discrimination.

33.     The First Amendment protects the right of every individual to reach the minds of willing listeners, and to do so there must be the opportunity to both win their attention and assemble.

34.     The First Amendment protects the rights of every individual to engage in speech by distributing literature, and peaceably assembling to advocate for those issues such individuals deem important

35. Plaintiff's expression of non partisan student views and opinions via TPUSA enjoys First Amendment protection.

36. Plaintiff's attempts to create a chapter of TPUSA at Defendant's College in or near August 2015 were constitutionally protected efforts to allow students to convey certain viewpoints and expressions regarding various educational, and/or financial issues.

37. Defendants College, Ms. Barnhart, Mr. Schwartz and Ms. Chambers unlawfully deprived Plaintiff of her First Amendment rights in connection with and arising from her attempts to apply to have a chapter of TPUSA formed and/or created on Defendant College's campus, and deprived Plaintiff because of and on the basis of her viewpoint and that of the TPUSA group she attempted to start on Defendant's College campus.

38. Defendants Ms. Barnhart, Mr. Schwartz and Ms.Chambers, as designated agents, employees and/or administrators of Defendant College unlawfully deprived Plaintiff of her First Amendment rights by approving and endorsing Defendant College's unconstitutional practices, procedures and policies regarding the application process to start the student group TPUSA.

39. Each Defendant, individually and acting on behalf of their employer violated Plaintiff's First Amendment rights by refusing to allow Plaintiff to apply to start and/or form the student group TPUSA on Defendant's College campus because of her opinions, associations and expressions, and have, as a justification, stated that starting a TPUSA chapter would be duplicative of other, current clubs on Defendant's College campus.

40.    Defendant's justifications that students may not create clubs which are duplicative of already existing student organizations is merely a pretext to conceal  Defendants' improper and unlawful motives at the crux of  Defendant's violation of Plaintiff's First Amendment rights.

41.    Each of the Defendants, individually and acting on behalf of their employer, Defendant College, explicitly and implicitly discriminated against Plaintiff for attempting to exercise her clearly established right to free speech as secured by the First Amendment to the United States Constitution.

## COUNT II

### VIOLATION OF THE RIGHT TO FREEDOM OF ASSEMBLY IN VIOLATION OF THE UNITED STATES CONSTITUTION

42.    Ms. DeMartino hereby incorporates by reference each and every allegation in the preceding paragraphs numbered 1 through 39 as if they were pled in full.

43.    The public streets, sidewalks, and rights of way in the City of Hagerstown and Defendant College are traditional public fora, immemorially held open for speech and other expressive activities.

44.    The First Amendment protects the right of the people to peaceably assemble in the traditional public for a of the streets, sidewalks and right so way in support of or in opposition to matters of public concern.

45.    Defendants' policies, practices and procedures regarding the requirements for creating student groups on Defendant's campus are unconstitutional prior restraints on Ms. DeMartino's right to peaceably assemble with other individuals to educate and advocate for matters of shared public concern.

46.   The Defendant College's practices, policies and procedures regarding the requirements for starting a student organization, including that no prospective student organization which is duplicative of any existing student organizations will be allowed is vague and overbroad.

47.   There is no compelling government interest for Defendants' overly broad practices, policies and procedures regarding the formation of student groups and/or organizations on Defendant College's campus.

48.   Defendant's practices, policies and procedures regarding the formation of student groups, and Defendant's requirement that no student group may be duplicative of existing student organizations on Defendant, College campus are not the least restrictive means to accomplish any permissible government objective sought to be served by Defendant College's practices and procedures regarding the formation of student groups and organizations including TPUSA.

49.   Defendant College's practices, procedures policies and requirements regarding the requirements needed to start the student run organization TPUSA on Defendant's campus are not narrowly tailored restrictions on the right to students' peaceable assembly.

50.   Defendant College's practices, procedures, policies and requirements regarding the requirements needed to apply for and/or form and/or create student organizations including TPUSA do not serve significant government interests.

51.   Defendant College's practices, procedures, policies and requirements regarding the requirements needed to apply for and/or form and/or create student organizations including TPUSA do not leave open ample alternative channels of communication.

52.   Defendant College's practices, procedures, policies and requirements regarding the requirements needed to apply for and/or form and/or create student organizations including TPUSA are impermissible prior restraints on the right to peaceably assemble.

53.   Through Defendant College's procedures and requirements regarding the requirements needed to apply for and/or form and/or create student organizations including TPUSA, Defendant's employees, faculty members and administrators are impermissibly vested with unbridled discretion in enforcing Defendant's provisions and requirements, and in determining who qualifies for permission to apply to form a student organization which allows students to engage in constitutionally protected speech.

54.   Defendant College's practices, procedures, policies and requirements regarding the requirements needed to apply for and/or form and/or create student organizations including TPUSA are irrational and unreasonable, and impose irrational and unjustifiable restrictions on the right to peaceably assemble in traditional public fora and within Defendant's public College which is a haven for open and free discourse among students.

55.   Defendant College's practices, procedures, policies and requirements regarding the requirements needed to apply for and/or form and/or create student organizations including TPUSA unconstitutionally chill and abridge the right of students to peaceably assemble in traditional public fora, and within Defendant's public College, which is a haven for open and free discourse and meetings among students.

56.   As a direct and proximate result of Defendant College's Defendant College's practices, procedures, policies and requirements regarding the requirements needed to apply for and/or form and/or create student organizations including TPUSA as described herein, Plaintiff, Ms. DeMartino is chilled and deprived of her right to peaceably assemble with others in traditional public fora to present, discuss and/or advocate for matters of important public concern.

57.   Ms. DeMartino has no adequate remedy at law to protect her most cherished constitutionally guaranteed freedoms.

58.   Ms. DeMartino has suffered, is suffering, and will continue to suffer irreparable injury as a result of Defendants' practices, procedures, policies and requirements regarding the requirements needed to apply for and/or form and/or create student organizations including TPUSA.

COUNT III

**(Violations of Constitution of Maryland)
Declaration of Rights-Article 36 Religious Freedom)**

59.   Ms. DeMartino hereby incorporates by reference each and every allegation in the preceding paragraphs numbered 1 through 57 as if they were pled in full.

60.   Interpreted by federal courts as interchangeable with the First Amendment, Article 36 protects private speech from government interference, discrimination or restriction when the specific motivating ideology, opinion or perspective of the speaker is the rationale for the restriction or discrimination.

61.   Plaintiff's expression of views via and/or within TPUSA are protected under Article 36.

62.   Defendants unlawfully deprived Ms. DeMartino of her Article 36 rights in connection with and arising from Defendants' refusal to allow Ms. DeMartino to apply for and/or create a chapter of TPUSA on Defendant's College's campus on the basis of her expression and/or viewpoints as conveyed via TPUSA.

63.   Defendants Barnhart, Schwartz, Chambers and Houck,  who are designated as employees, faculty, administrators and/or agents of Defendant, College, unlawfully deprived Ms. DeMartino of her Article 36 rights by endorsing and approving Defendant's College's decision not to allow Ms. DeMartino to apply for and/or form a chapter of TPUSA on Defendant's College's campus.

64.   Each of the Defendants, individually, and acting on behalf of their employer, Defendant, College, have violated Ms. DeMartino's Article 36 rights in refusing to allow her to apply and/or form a chapter of TPUSA on Defendant's College's campus, because of Ms. DeMartino's associations and expressions, and have used shifting justifications as a pretext, to conceal improper and unlawful motives.

65.   Each of the Defendants, individually, and acting on behalf of their employer, Defendant, College, have violated Ms. DeMartino's Article 36 rights and have explicitly and implicitly discriminated against Plaintiff for exercising her clearly established right to free speech as secured by Article 36 of the Maryland Constitution.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Moriah DeMartino respectfully requests that the Court enter judgment against Defendants, and provide Plaintiff with the following relief:

A)   An injunction requiring Defendants to grant Ms. DeMartino the right to apply to create a chapter of TPUSA on Defendant, College, campus, and prohibiting Defendants and all those in concert with them from further discriminating against Ms. DeMartino based on her U.S.views and expressions thereof;

B)   A declaratory judgment that Defendants' actions violated Ms. DeMartino's rights as protected by the First Amendment to the United States constitution.

C)   Monetary damages (including punitive damages for Defendants' actions in their individual capacities) in an amount to be determined by the jury;

D)   Reasonable attorney fees, costs and other costs and disbursements in this action, pursuant to 42 U.S.C. § 1988; and

E)   All further relief to which Ms. DeMartino may be entitled.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully Submitted,

_____

Moriah DeMartino
In Pro Per

DATED:

13